```
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
In re
                                        AFFIDAVIT
BLACK REALTY, INC.                      PURSUANT TO
                                        LOCAL RULE 1007-3
                                        Case# 15-7

                    DEBTOR
------------------------------------X
```

    Rachel Yetim, being duly sworn, deposes and says the following to be true, under the penalties of perjury:

    1. I am the President of Black Realty, Inc., a New York Corporation, the Debtor herein, and I submit this affidavit pursuant to Local Rule 1007-3 of the within Court.

    2. The nature of the debtor's business is the ownership and management of a commercial building located at 653 Hempstead Turnpike, Elmont, New York. The instant filing was primarily precipitated by a foreclosure action commenced by the debtor's second mortgage holder and the corporation's inability to workout an adequate payment arrangement with this creditor prior to a scheduled foreclosure sale.

    3. The instant case was not previously commenced under Chapter 7, 12 or 13, nor has this case been converted to or from any other Chapter of the Bankruptcy Code pursuant to 11 U.S.C. Sections 706, 1112, 1208 or 1307.

    4. Upon information and belief, to date, no creditors committee has been appointed or formed.

    5. A list of the twenty (20) largest unsecured claims was filed with the petition in this case. The debtor only secured creditors are the Nassau County Treasurer, Anthony DeMarco and 54,LLC.

6. The debtor has Total Assets of approximately $1,100,000.00, and Total Liabilities of approximately $1,600,000.00, as of the Petition Date.

7. None of the debtor's properties are in the possession or custody of any custodian, public officer, mortgagee, pledgee, assignee of rents, or secured creditor, or agent for such entity,

8. A corporate resolution authorizing the filing of the subject petition was signed on November 11, 2015. Rachel Yetim is the President of the debtor and the sole shareholder. There are no publicly held shares of stock, debentures or other securities.

9. The debtor corporation operates its business from offices located at 725 Wyandanch Avenue, West Babylon, New York.

10. The debtor's assets are comprised of its commercial building, cash on hand and its good will.

11. The debtor maintains its books and records at its offices at 725 Wyandanch Avenue, West Babylon, New York.

12. The debtor has no assets located outside of the territorial limits of the United States.

13. There is one legal proceeding pending against it directly in which the debtor's property is at risk, as of the Petition Date, as stated above, at the time of filing, there was a foreclosure sale scheduled by the debtor's second mortgage holder, 54,LLC.

14. Rachel Yetim is the sole officer and director of the debtor.

15. The debtor has no employees at the time of filing. It has neither payroll or sales tax obligations.

16. To operate its business, which is the management of the subject real property, the estimated present operating expense, inclusive of proposed debt service, in approximately $15,000.00 per month.

17. The debtor anticipates to operate at a small profit in the next thirty days.

18. I believe that it is desirable to permit the debtor corporation to become a debtor in possession and function under the protection of the Bankruptcy Code, and to continue doing business, because it will be generating sufficient income from its business to develop a viable plan of reorganization. The debtor's primary intention in this case is resolve its differences with the taxing authorities and to propose a repayment plan to pay its creditors at least as much as they would be entitled to receive in liquidation consistent with the requirements of the Bankruptcy Code. If the debtor corporation is granted a temporary stay and given some time to determine the amounts of the above claim, it can propose a plan to repay all rightful debts and salvage a valuable business.

19. The needs and interests of the debtor and its creditors shall best be served by the debtor's continued operation and management of the business. The debtor believes that the interests of all parties would best be served by the continuation of its business operations as a Debtor-In-Possession under Chapter 11 until confirmation of a plan of reorganization.

I, Rachel Yetim, the sole shareholder of the debtor, declare under penalty of perjury that I have read the foregoing statement Pursuant to Local Rule 1007-3 and that it is true and correct to the best of my knowledge, information and belief.

Dated: November 11, 2015                               s/Rachel Yetim

                                                       _____
                                                       Rachel Yetim